HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| COLUMBIA CREDIT UNION, | CASE NO. C17-5354RBL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

THIS MATTER is before the Court on plaintiff Columbia's Motion for Summary Judgment [Dkt. #17]. Columbia asks the Court to grant summary judgment on all of its claims against defendants Lucky Farms, Inc. (Oregon), Lucky Farm, Inc. (Washington), and Tran. The case involves Lucky Farms' $376,000[1] debt to Columbia, which was guaranteed by the Farms' principal, Tran. The debt is secured by a deed of trust on real property owned by Lucky Farms. That loan is in default.

---

[1] Original principal amount. The outstanding debt was less at the time of filing.

ORDER - 1

1    Columbia sued to foreclose on the property and to enforce Tran's guarantee. It now seeks

2 summary judgment on all of its claims against these three defendants[2]. It argues that it has

3 established as a matter of law that there are no material issues of fact, that the defendants

4 breached the loan agreement, and that the deed of trust should be foreclosed, and that Tran is

5 liable on his guaranty.

6    Defendants' short response claims only that Tran used or uses the property as his primary

7 residence and as a result that he is permitted to possession of it through the (one year)

8 redemption period.

9    Columbia argues that its motion did not address the redemption period or post-

10 foreclosure possession, and points out that Lucky Farms, not Tran, is the property owner. It asks

11 the Court to "grant summary judgment."

12    The Court agrees that Columbia has satisfied its summary judgment burden on the

13 validity of its various claims, and its motion for summary judgment is GRANTED. Fed. R. Civ.

14 P. 56.

15    However, it is unclear what exactly Columbia wants that to mean in terms of "next

16 action." The Court has not been asked to commence a foreclosure, or to schedule a sale, or to

17 enter judgment in any particular amount. The effect of the Court's granting summary judgment

18 on, for example, the replevin or injunctive relief claims is not clear. The Court cannot "enter

19 final judgment with respect to plaintiff's claims" on the record presented. Columbia shall present

20 a form of Judgment addressing the practical and legal effects of this Order within 10 days. It

---

[2] It appears from the record and from the parties' recent status report [Dkt. # 27] that the three defendants which are the subject of this motion are the only defendants remaining in the case. The exception is defendant APP, which is in default but Columbia has not sought to secure a default judgment against it.

1 | should also advise the Court about the status of its claims against APP, and the Court's ability to
2 | enter a final judgment in light of those pending claims, at that time.

3 | IT IS SO ORDERED.

4 | Dated this 13th day of September, 2017.

*[signature: Ronald B. Leighton]*

Ronald B. Leighton
United States District Judge